**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DE JESUS PADRON MARTINEZ, AKA Jose Padron Martinez, AKA Juan Rodriguez Silva, <br><br>         Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>         Respondent. | No. 19-72422 <br><br> Agency No. A213-079-299 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:   GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Jose de Jesus Padron Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT") and denying his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the agency's denial of a motion to continue. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Padron Martinez does not meaningfully challenge the agency's determination that he failed to establish that any harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in the opening brief are waived). Thus, we deny the petition for review as to withholding of removal.

Substantial evidence supports the agency's denial of CAT relief because Padron Martinez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The agency did not abuse its discretion in denying Padron Martinez's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (agency did not abuse its discretion in denying a continuance where the record did not establish petitioner's present eligibility for relief); *Matter of Sanchez Sosa*, 25 I.&N. Dec. 807, 812-15

2                                                                          19-72422

(BIA 2012) (discussing how a movant may establish prima facie eligibility for a U visa such that a continuance might be warranted).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED.**